IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Pablo David Zamora Miranda, | ) | Case No. 9:24-cv-01278-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| FCI Bennettsville's Warden, Joseph, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a petition for writ of habeas corpus filed pro se by a former federal prisoner pursuant to 28 U.S.C. § 2241 and on a Report and Recommendation ("Report") of the Magistrate Judge. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On June 20, 2024, the Magistrate Judge issued a Report recommending that the action be dismissed for two reasons: (1) the Petition is moot because Petitioner has been released from Respondent's custody[1] and Respondent therefore can no longer provide the requested relief;[2] and (2) Petitioner failed to exhaust his administrative remedies prior to filing the action. [Doc. 7.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he

---

[1] Records from the Federal Bureau of Prisons ("BOP") indicate that Petitioner was released from BOP custody on April 22, 2024. [*See* Doc. 7 at 2.]

[2] In his Petition, Petitioner requests that the Court issue an order requiring Respondent and the BOP to "(a) immediately apply all [his] First Step Act Earned Time Credits to date, to calculate [his] applicable early release date, and (b) thereafter, release [him] on that early release date pursuant to an appropriate early release option . . . ." [Doc. 1 at 9–10.]

failed to do so. [*Id*. at 8.]   Petitioner has not filed objections or otherwise responded to the Report, and the time to do has lapsed.[3]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Out of an abundance of caution for the pro se Petitioner, especially given the return of the mailed Report and Order as undeliverable, the Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge de novo.  Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Petitioner's habeas petition is moot because Petitioner was

---

[3] The Report was mailed to Petitioner on June 20, 2024 [Doc. 8], and on July 18, 2024, both the Report and an Order of the Court [Doc. 5] were returned as undeliverable [Doc. 10].  In the returned Order, the Magistrate Judge directed Petitioner to "immediately advis[e] the Clerk of Court in writing of [any] change of address."  [Doc. 5 at 2.]  Even though Petitioner did not receive this Order by mail, the Court nonetheless finds that Petitioner has had three months to notify the Court of his change of address after his release but has failed to do so.

seeking an earlier release date and has now been released. *See, e.g., Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2006) ("As [the petitioner] is no longer in federal custody, his action against [the respondent] is moot."). Accordingly, the Petition is DISMISSED without prejudice as moot.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

July 23, 2024
Beaufort, South Carolina

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

In this case, the legal standard for the issuance of a certificate of appealability has not been met.